UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MANUEL BELTRAN GARCIA, et al.,

                    Plaintiffs,              **MEMORANDUM ORDER**

    - v -

                                                     CV-09-2671 (SJ)(VVP)

BENJAMIN GROUP ENTERPRISES, INC., et al.

                    Defendants.
-----------------------------------------------------------------x

       The plaintiffs in this action seek damages for their termination from employment by the defendants, which they allege was retaliatory in violation of applicable provisions of the Fair Labor Standards Act and New York Labor Law.[1] *See* 29 U.S.C. § 215(a)(3); N.Y. Lab. Law § 215 (1). The defendants seek to compel the plaintiffs to produce their tax returns for the years 2006 to the present, as well as travel records for the years from 2000 to the present, arguing that those items of discovery are relevant to the calculation of the plaintiffs' damages if any. As more fully explained below the defendants' motion is granted in part and denied in part.

       Although not privileged, tax returns are typically subject to compelled production in civil cases only upon a two-part showing: "(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13,

---

[1] The plaintiffs participated in a class action against some of the defendants which was resolved by a settlement. They allege they were terminated shortly after they received their share of the proceeds from the settlement.

2007) (citing *United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)); *accord, e.g., Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 149-50 (E.D.N.Y. 2008); *Chen v. Republic Restaurant Corp.*, No. 07 Civ. 3307, 2008 WL 793686, at *2 (S.D.N.Y. March 26, 2008); *Raba v. Suozzi*, No. CV 06-1109, 2007 WL 81932, at *1 (E.D.N.Y. Jan. 9, 2007); *Sabatelli v. Allied Interstate, Inc.*, No. CV 05-3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006).

As to the plaintiffs' tax returns for the years 2006 through 2008, when the plaintiffs were employed by the defendants, the defendants have wholly failed to show any compelling need. Information concerning each plaintiff's earnings from the defendants in those years is readily obtainable from the W-2's the defendants themselves presumably prepared and supplied to the plaintiffs. Although the plaintiffs' returns for the year 2009 are clearly relevant to the issue of mitigation, the defendants have not made a showing that the information the returns would disclose is not readily available from other sources. Indeed, it appears they did not even inquire about the plaintiffs' earnings in 2009 at the plaintiffs' depositions. *Cf., Sabatelli*, 2006 WL 2620385, at *1 (declining to compel disclosure of tax returns because a deposition of the plaintiff provided an adequate alternative means of obtaining the information sought); *accord, Raba*, 2007 WL 81932, at *1 (deposition of plaintiff had not yet been taken and might provide the requested information). Most courts in recent years have placed the burden of demonstrating compelling need on the party seeking discovery. *See Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007). As the defendants have not carried that burden here, their motion to compel

production of tax returns is denied, but without prejudice to renewal upon a demonstration that no other sources of information are reasonably available concerning the plaintiffs' earnings in 2009.

The defendants' request for travel records seeks "any and all travel-related documentation/licenses including without limitation, passports, visas, green cards and driver's licenses, which plaintiffs were issued or were in possession of from 2000 to the present." Def. Req. for Prod. No. 8. Their justification for seeking those records is that they may disclose "that one or more of the plaintiffs may have regularly traveled abroad at times when the defendants had insufficient work for them to do and could have therefore been abroad when defendants attempted to contact them when work resumed." Def. Letter, May 3, 2010, at p. 2. The court fails to appreciate what a person's green card or driver's license would reveal about their travel, and thus shares the plaintiffs' concern that the request constitutes an irrelevant inquiry into immigration status that might chill the plaintiffs' inclination to pursue their claims. *See, e.g.*, *Zeng Liu v. Donna Karan Intern., Inc.*, 207 F. Supp. 2d 191, 192-93 (S.D.N.Y. 2002); *Flores v. Amigon*, 233 F. Supp. 2d 462, 465 (E.D.N.Y. 2002). The court is equally at a loss as to the relevance of any documents relating to travel in the years 2000 through 2008. What is at issue here is lost earnings since the plaintiffs' terminations in late 2008 and early 2009. To the extent that the plaintiffs were engaged in travel after their terminations, that might be considered by a fact-finder in determining what efforts they made in mitigation of their damages. Accordingly, the plaintiffs are required to provide documents disclosing any travel in which they engaged, whether foreign or domestic, at

any time after they were terminated. Such documentation would include any visas or pages from their passports that reflect travel outside the United States, as disclosure of a person's passport entries and visas would not disclose immigration status; they only disclose nationality and citizenship. The plaintiffs are not required to produce their entire passports, nor are they required to provide any information concerning their immigration status or how they gained entry into the United States.

                                              **SO ORDERED:**
                                              */s/ Viktor V. Pohorelsky*
                                              VIKTOR V. POHORELSKY
                                              United States Magistrate Judge

Dated:       Brooklyn, New York
              May 21, 2010